Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400 x229; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| BILL BLAS | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| CREDITORS FINANCIAL GROUP, LLC | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## COMPLAINT

COMES NOW the Plaintiff, BILL BLAS ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, CREDITORS FINANCIAL GROUP, LLC, alleges and affirmatively states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who

- 1 -

VERIFIED COMPLAINT

refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3.  Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of CREDITORS FINANCIAL GROUP, LLC (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

5.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

VERIFIED COMPLAINT

6. Because Defendant conducts business in the state of California, and Plaintiff resides in the District in which this complaint is being filed, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Truckee, County of Nevada, State of California, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in the City of Aurora, County of Adams, State of Colorado.

12. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed, believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

14. Defendant placed constant and continuous telephone calls to Plaintiff, seeking and demanding payment of a debt.

15. Defendant placed an average of two to three calls per day, nearly every day, to Plaintiff on both his home and cellular telephones, in an attempt to collect upon the debt.

16. Defendant repeatedly spoke to him in a sarcastic, rude, and condescending manner.

17. Defendant's agent, in response to Plaintiff's offer to pay $200 to $250 per month towards the debt, snidely told him that "You insulted the bank by offering $200.00. It's not my opinion, it's a fact. You've tried nothing. Don't tell me you tried so you can sleep better at night." Defendant's agent continued to insult Plaintiff when he accusatorily sniped "You're not trying to resolve this…you're not. You're trying to put a band-aid on the situation, and that's a big difference." (See Exhibit A).

18. Defendant placed calls to Plaintiff and repeatedly accused him of fraud; for instance, on one occasion, agent "Richard Callwalder" angrily accused Plaintiff of "writing bad checks across state lines," and warned him that such conduct, along with nonpayment of his debt, was fraudulent.

19. Defendant repeatedly threatened to file a lawsuit against Plaintiff; for instance, on one occasion, agent "Richard Callwalder" told Plaintiff that "(w)e (Defendant) are going to sue," whilst on another warned Plaintiff that "(w)e (Defendant) are at the final stage before we file a lawsuit, but we'll give you one more opportunity…".

20. Defendant repeatedly threatened to garnish Plaintiff's paycheck.

21. Defendant repeatedly threatened to "drain Plaintiff's bank account."

22. Defendant repeatedly threatened Plaintiff's personal and real property, as its agents repeatedly warned him that "(w)e (Defendant) can go to go after your home, your cars, or

your wife's business, because none of those are secure."

23. To date, Defendant has not garnished Plaintiff's paycheck, drained Plaintiff's bank account, or attached a lien to Plaintiff's cars, home, and/or other property.

24. Defendant's agent, who is not an attorney, held herself out as one when over the telephone she repeatedly yelled at Plaintiff: "I am an attorney! I am an attorney! I can garnish your paycheck!"

25. Defendant's agent further threatened Plaintiff when she told him that she will "…send the Sheriff to his house."

26. Defendant's agent threatened Plaintiff yet again when she warned him that she would publish his name and the details about the debt he owes in the local newspaper for all to see.

27. On or about August 26, 2008, Plaintiff retained KROHN & MOSS, LTD., to be his legal representation in the present matter.

## COUNT I

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

28. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

29. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the FDCPA §1692d(2) when Defendant, through its agents, employees, and/or legal counsel, made abusive and offensive statements when addressing Plaintiff on the telephone.

b). Defendant violated FDCPA §1692d(3) when Defendant, through its agents,

employees, and/or legal counsel, threatened to publish Plaintiff's name, along with details of his debt, in the local newspaper for all to see.

    c).    Defendant violated FDCPA §1692d(5) when Defendant, through its agents, employees, and/or legal counsel, caused Plaintiff's phone to ring continuously, so as to annoy and harass Plaintiff.

    d).    Defendant violated FDCPA §1692e(2) when Defendant, through its agents, employees, and/or legal counsel, threatened to hold Plaintiff responsible for an amount much higher than that which he owed.

    e).    Defendant violated FDCPA §1692e(3) when Defendant, through its agents, employees, and/or legal counsel, falsely represented themselves as a law firm when they contacted Plaintiff about the debt.

    f).    Defendant repeatedly violated FDCPA §1692e(4) when Defendant, through its agents, employees, and/or legal counsel, threatened that nonpayment of the debt will result in his arrest, in the filing of a lawsuit, in a garnishment, and in a lien on his bank account, home, cars, or other property.

    g).    Defendant repeatedly violated FDCPA §1692e(5) when Defendant, through its agents, employees, and/or legal counsel, threatened Plaintiff with a lawsuit that was never filed.

    h).    Defendant violated FDCPA §1692e(7) when Defendant, through its agents, employees, and/or legal counsel, accused Plaintiff of fraud, the sole intent of which was to embarrass, disgrace, and/or scare him.

    i).    Defendant violated FDCPA §1692e(10) when Defendant, through its agents, employees, and/or legal counsel, continually engaged in deceptive and unconscionable tactics and, the sole intent of which was to deceive, trick, and/or scare Plaintiff.

    j).    Defendant violated FDCPA §1692f(6) when Defendant, through its agents, employees, and/or legal counsel, threatened to unlawfully repossess or disable the consumer's

property.

30. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, fear and humiliation.  (See Exhibit B).

## COUNT II

### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

31. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

32. Defendant **violated the RFDCPA**.  Defendant's violations include, but are not limited to the following:

a). Defendant violated the RFDCPA §1788.10(b) when Defendant, through its agents, employees, and/or legal counsel, threatened that nonpayment of the debt is the equivalent of fraud.

b). Defendant violated the RFDCPA §1788.10(c) when Defendant, through its agents, employees, and/or legal counsel, accessed Plaintiff's credit report and accused him of writing bad checks, disregarding his financial obligations, and other conduct, the sole intent of which was to try to defame, embarrass, and/or disgrace Plaintiff.

c). Defendant violated the RFDCPA §1788.10(e) when Defendant, through its agents, employees, and/or legal counsel, threatened that nonpayment of the debt would result in imminent arrest, garnishment, and the attachment of liens to Plaintiff's bank account, home, and/or cars.

d). Defendant violated the RFDCPA §1788.11(a) when Defendant, through its agents, employees, and/or legal counsel, used obscene, derogatory, and abusive language/statements when communicating with Plaintiff on the telephone.

e). Defendant violated the RFDCPA §1788.11(d) when Defendant, through its agents, employees, and/or legal counsel, placed an excessive number of collection calls to Plaintiff's phone, so as to cause those phones to ring constantly and repeatedly, the sole intent of which was to annoy him.

f). Defendant violated the RFDCPA §1788.11(e) when Defendant, through its agents, employees, and/or legal counsel, communicated with Plaintiff at such a high frequency as to be unreasonable and to constitute harassment.

g). Defendant violated the RFDCPA §1788.13(b) when Defendant, through its agents, employees, and/or legal counsel, falsely represented itself as an attorney.

h). Defendant violated the RFDCPA §1788.13(e) when Defendant, through its agents, employees, and/or legal counsel, threatened that nonpayment of the debt would result in Plaintiff being responsible for Defendant's attorney fees.

i). Defendant violated the RFDCPA §1788.13(j) when Defendant, through its agents, employees, and/or legal counsel, repeatedly threatened that nonpayment of the debt would result in the filing of a lawsuit, even though to date, no such suit has been filed.

j). Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents and employees, continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

33. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, fear and humiliation. (See Exhibit B).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

34. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

35. Actual damages.

36. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b)

37. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k

38. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ. Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k

39. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: October 6, 2008   KROHN & MOSS, LTD.

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BILL BLAS, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA)

Plaintiff, BILL BLAS, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BILL BLAS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Date: 10-16-08                              _Bill Blas_
                                            BILL BLAS,
                                            Plaintiff

- 10 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT A

1
2
3
4
5
6
7
8   Digitally recorded conversation between Defendant's Agent and Plaintiff
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

VERIFIED COMPLAINT

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10-16-08

_____Bell Be_____
Signed Name

_____BILL BLAS_____
Printed Name